Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren M. Lendzion (SBN 239184)
*LaurenLendzionsTeam@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 319699)
*jennifer.leinbach@wilshirelawfirm.com*
Jesse S. Chen (SBN 336294)
*jesse.chen@wilshirelawfirm.com*
Brian Ellsworth (SBN 326756)
*brian.ellsworth@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMBER STAVROS, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **CLASS ACTION** |
| LUSHA SYSTEMS, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Plaintiff Amber Stavros ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendant Lusha Systems, Inc. ("LUSHA") ("Defendant"). Plaintiff alleges facts concerning Plaintiff on personal knowledge and all other facts on information and belief based on counsel's investigation.

## I.    <u>NATURE OF THE ACTION</u>

1.    Plaintiff brings this action to remedy LUSHA's knowing, unauthorized use of Plaintiff's and Class members' names and identities to advertise, promote, and sell LUSHA's contact-data products, paid subscriptions, and paid upgrades. LUSHA uses identified persons' names and profiles to demonstrate the value of its services, induce Free-plan users to become paying subscribers, and induce existing subscribers to purchase higher-tier plans, additional credits, expanded access, and other paid features.

2.    LUSHA operates a nationwide commercial platform designed to identify, research, and contact individuals for sales, marketing, recruiting, and other business purposes. LUSHA markets itself as a means "to instantly find any contact or company" and advertises a database containing more than 300 million contacts.

3.    LUSHA's commercial use of identified persons' names is not limited to the Free plan or the initial sale of a subscription. LUSHA continues to display and use those names and associated profiles to market additional credits, expanded access, higher-tier subscriptions, and other upgrades to existing subscribers.

4.    LUSHA identifies people by name and offers users access to available email addresses, phone numbers, employment information, and other information associated with those people. LUSHA itself advertises that users can "Reveal contact details while you browse" and publicly promotes the ability to access contact and company information.[1]

5.    The challenged solicitation is not merely a general advertisement placed beside a directory entry. LUSHA generates it after a user selects a particular person and clicks "Show details" to reveal that person's masked telephone number and email address.

---

[1] See https://www.lusha.com (last accessed July 14, 2026).

1

6. After a Free-plan user searches for and selects a California contact and attempts to reveal that contact's masked details, LUSHA directs the user to purchase a paid plan to access "this information," in violation of California Civil Code section 3344.

7. Plaintiff is one such individual. Without Plaintiff's consent, LUSHA displayed Plaintiff's name and identifying information, masked contact details associated with Plaintiff, and used the user's attempt to obtain those details as the immediate occasion to solicit an upgrade to a paid plan.

8. Plaintiff and the Class did not consent to LUSHA's use of their names or identities to advertise or solicit purchases of LUSHA subscriptions.

9. LUSHA attracts prospective customers with a Free plan that permits searches for real people and displays contact profiles containing masked telephone and email fields.

10. For contacts LUSHA identifies as located in California, LUSHA applies a standardized paid-plan restriction when a Free-plan user attempts to reveal the selected contact details.

11. The resulting message refers to "This Contact's Info," states that the contact details are "only available on paid plans," tells the user to "Upgrade now to access this information," and presents an "Upgrade your plan" button.

12. LUSHA allegedly derives subscription and upgrade revenue from this workflow but does not compensate the identified persons whose names it uses to generate the paid-plan solicitation.

13. Plaintiff and the Class did not consent to the commercial uses alleged herein. Plaintiff seeks statutory and actual damages, attributable profits, injunctive relief, and other relief available under the claims pleaded below, without duplicative recovery.

## II. **PARTIES**

14. Plaintiff Amber Stavros is a natural person domiciled in California. At all relevant times, Plaintiff resided in Contra Costa County, California, within the Northern District of California.

15. On July 27, 2026, a Free-plan user searched for Plaintiff by name and selected a result that identified Plaintiff by name and listed Plaintiff's employer. When the user hovered over

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Plaintiff's name, LUSHA displayed a pop-up encouraging the user to upgrade the plan to access Plaintiff's contact details.



16.     When the user clicked on Plaintiff's name, LUSHA displayed a popup on the right side of the screen, containing additional identifying information about Plaintiff, as shown in the screenshot below. LUSHA displayed Plaintiff's actual first name and surname initial, her corresponding initials, a masked work-email address, employer, department, seniority, and location in Concord, California. These combined identifiers, displayed in response to a search using Plaintiff's complete name, identified the profile as Plaintiff's and confirmed that LUSHA maintained additional contact information associated with her.



3

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

17. When the same user clicked "Show details" to attempt to reveal Plaintiff's masked contact details, LUSHA displayed the following paid-plan solicitation.



**This Contact's Info is Protected by Local Regulations – Upgrade to Unlock Access**

Due to local regulations, contact details in certain U.S. states are only available on paid plans. Upgrade now to access this information and enjoy additional benefits:

- More credits to fuel your outreach
- Get access to buyer intent and technology insights
- Extra seats to support your team's growth

Back    **Upgrade your plan**

18. Plaintiff did not authorize LUSHA to use Plaintiff's name or identity in the Free-plan sequence through which LUSHA displayed Plaintiff's profile, withheld Plaintiff's contact details, and solicited an upgrade to a paid subscription. Plaintiff did not consent to the commercial uses alleged herein.  Upon learning that LUSHA had incorporated her name and identifying information into a person-specific profile used to promote and solicit purchases of LUSHA's paid subscriptions and upgrades, Plaintiff became upset and anxious. Plaintiff was particularly concerned that LUSHA was using her name, employer, location, and associated contact information for its own commercial purposes without her knowledge or consent and beyond her control. LUSHA's unauthorized commercial use of her identity invaded Plaintiff's privacy, disturbed her peace of mind, and caused anxiety and concern regarding her inability to control how LUSHA uses and disseminates her personal information.

19. Defendant LUSHA is a Delaware corporation with its principal place of business in Boston, Massachusetts. LUSHA owns, operates, markets, and commercializes the service through which the conduct alleged herein occurs.

4

**III.    JURISDICTION AND VENUE**

20.    **Personal Jurisdiction:** This Court may exercise specific personal jurisdiction over LUSHA because LUSHA purposefully directed the challenged conduct to California and Plaintiff's claims arise from those contacts. LUSHA is registered as a California data broker; intentionally collects, organizes, and commercializes data concerning California residents; offers its products and subscriptions to California customers; and designs and applies the California-specific paid-plan restriction challenged here to contacts it identifies as located in California.

21.    **Subject Matter Jurisdiction:** This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because this is a class action, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, the proposed Class includes more than 100 members, and minimal diversity exists because at least one Class member is a citizen of a state different from at least one Defendant.

22.    **Article III Standing:** Plaintiff has suffered concrete and particularized injuries in fact. LUSHA's alleged unauthorized appropriation of Plaintiff's name in a commercial subscription solicitation invaded Plaintiff's substantive publicity and commercial-control interests, caused a loss of control over the commercial use of her identity, caused her to suffer anxiety and disturbed her peace of mind. Those harms are personal and concrete because the challenged solicitation used Plaintiff's own name in a person-specific sales sequence that was actually rendered to a Free-plan user. A search for Plaintiff's name only revealed LUSHA's preexisting use, prior to that, LUSHA had already configured and maintained Plaintiff's name and identifying information as part of a person-specific Free-plan profile and paid-subscription solicitation capable of being generated for LUSHA users.

23.    **Venue:** Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including LUSHA's alleged commercial use of Plaintiff's name while Plaintiff resided here, its classification of Plaintiff as a California contact, and Plaintiff's resulting injury here. LUSHA also markets and provides its service to users and businesses in this District.

5

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## IV.    <u>FACTS</u>

**A.  LUSHA Displays Identified Persons' Names to Advertise and Solicit Paid Subscriptions**

24.    LUSHA operates a commercial prospecting service that helps businesses find people and obtain their contact information so they can be reached for sales, marketing, recruiting, and other business purposes.

25.    LUSHA provides users with access to information associated with identified people, including available email addresses and phone numbers. LUSHA markets its service to businesses and professionals seeking to identify and contact prospective customers, candidates, and other business contacts.

26.    LUSHA's own advertising describes the service in practical terms. Its homepage promotes the ability to "Instantly find any contact" and to "Reveal contact details while you browse," including emails and direct dials.[2]

27.    LUSHA likewise markets a prospecting tool that helps customers identify people they wish to contact. Among other things, LUSHA promotes the ability to "Identify relevant people," "Find relevant people to talk to," and obtain contact information for decision-makers.[3]

28.    Through LUSHA's service, users can search for people, including by name, receive results identifying individuals, select a particular person, and seek available contact information associated with that person.

29.    LUSHA associates the person's name with information such as job title, employer, location, email address, and phone number.

30.    LUSHA itself describes the people its customers seek as "prospects." In a guide to its prospect-search tools, LUSHA describes its service as helping customers identify, connect with, and engage prospects through access to contact and company information.[4]

---

[2] See https://www.lusha.com/ (last visited July 7, 2026).
[3] See https://www.lusha.com/b2b-prospecting-tool/ (last visited July 7, 2026).
[4] See https://info.lusha.com/en/articles/251968-the-ultimate-guide-to-prospect-search-with-lusha (last visited July 7, 2026).

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

31.    LUSHA's public statements also reflect the importance of revealing contact information concerning identified people to its business. In announcing analytics functionality, LUSHA stated that users could track "credits used, contacts revealed, and outreach trends."[5]

32.    LUSHA's business is thus directed toward helping customers identify people they wish to reach and obtain available contact information associated with those people.

**B.  LUSHA Uses Plaintiff's and Class Members' Names to Advertise Paid Subscriptions**

33.    LUSHA attracts prospective customers by prominently inviting them to "Start for free."[6]



# Data you can build on

Lusha is the B2B data and intelligence layer for GTM teams and AI agents — verified contact & company data, enriched with buying signals, and shaped by what works for your business.

| Enter your work email | | Start for free |

Or

| G  Sign up with Google | Contact sales |

By clicking 'Start for free' or signing up, you agree to the Terms of Use and Privacy Policy. You also agree to receive information and offers relevant to our services via email. This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

---

[5] See https://www.lusha.com/blog/lusha-product-updates-july-2025/ (last visited July 7, 2026).
[6] See https://www.lusha.com/ (last visited July 7, 2026).

7

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

34.    LUSHA encourages prospective users to create a free account. LUSHA describes its no-cost offering as a "Free plan." LUSHA states that the Free plan provides users with up to 40

credits per month.[7]

35.    The Free plan allows prospective customers to experience LUSHA's service through real, identified people. A Free-plan user can search for individuals, including by name, view results identifying people, and, where permitted, use credits to reveal available contact information associated with selected individuals.

36.    LUSHA's pricing materials describe a credit-based system through which credits provide access to contact data.[8] The user spends credits to obtain contact information associated with the selected person, while LUSHA uses that person's name to identify and promote the object of the credit transaction.

---

[7] See https://www.lusha.com/pricing/ (last visited July 7, 2026).
[8] Id.

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

37.     Thus, a Free-plan user may search for or select a particular identified person and use a portion of the user's limited credits to reveal available contact information associated with that person. LUSHA has advertised the ability to obtain verified contact data for free, promoted 40 free credits per month, and encouraged users to find direct dials and verified emails for their next prospect. [9]

38.     LUSHA also repeatedly invites prospective customers to "Start for free" while promoting tools to identify relevant people, find people to contact, and obtain verified emails and direct dials.[10]  The Free plan therefore introduces prospective customers to LUSHA's commercial service through searches for and interactions with real, identified people and the prospect of obtaining contact information associated with them.

39.     LUSHA does not permit Free-plan users to access contact details associated with all identified people. LUSHA applies a paid-plan restriction when a Free-plan user attempts to reveal details for contacts LUSHA identifies as located in California.

---

[9] See https://www.lusha.com/blog/best-b2b-data-providers/ (last visited July 7, 2026).
[10] See https://www.lusha.com/b2b-prospecting-tool/ (last visited July 7, 2026).

9

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

40. When a Free-plan user enters and searches for a particular person's full name in LUSHA's contact-search field, the user receives a contact panel showing the selected person's name, employer, location, and masked telephone and email fields.

41. For some contacts, including Plaintiff and Class members, LUSHA displays an information box that prompts the user to "Upgrade your plan for access to contact details," as shown in the screenshot below.

42. When the user clicks "Show details" for that selected contact, LUSHA further prompts the Free-plan user to upgrade the plan to unlock access, as shown in the screenshot below. LUSHA tells the user that "This Contact's Info is Protected by Local Regulations—Upgrade to Unlock Access" and presents an "Upgrade your plan" button.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

10

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

✕



## This Contact's Info is Protected by Local Regulations – Upgrade to Unlock Access

Due to local regulations, contact details in certain U.S. states are only available on paid plans. Upgrade now to access this information and enjoy additional benefits:

- More credits to fuel your outreach

- Get access to buyer intent and technology insights

- Extra seats to support your team's growth

Back      **Upgrade your plan**

43.     The solicitation is triggered by the user's effort to obtain information associated with the selected contact. It does not appear merely because the user opened a general directory page or encountered an always-present advertisement.

44.     Although LUSHA uses standardized wording for California contacts, each invocation is person-specific: the user searches for and selects a particular person, sees that person's masked details, clicks to reveal those details, and is told to purchase a paid plan to access "this information."

45.     The person's identity has a direct connection to the solicitation because it identifies whose information the user is trying to obtain and supplies the reason the user reaches the paid-plan prompt in that transaction.

46.     LUSHA's standardized California rule also demonstrates that the sequence is a designed sales feature rather than an incidental placement. LUSHA determines which contacts are

11

restricted, masks their details, controls the "Show details" button, and generates the upgrade message.

47.   The message expressly promotes the paid subscription and additional paid-plan benefits, including more credits, buyer-intent and technology insights, and additional seats.

48.   LUSHA does not state merely that information is unavailable. It states that the selected contact's details are available only on paid plans and invites the user to upgrade to obtain them.

49.   LUSHA combines access to the selected contact's details with a broader sales pitch for LUSHA's paid service, including more credits, additional data insights, and team features.

50.   The challenged commercial transaction is therefore the paid-plan upgrade promoted at the moment a Free-plan user attempts to reveal masked information associated with the particular contact the user selected.

51.   LUSHA makes access to each selected person's contact information a discrete, metered transaction. A user ordinarily must expend credits to reveal the email address or telephone number associated with the identified person. The selected person's name identifies whose information the user is being invited to acquire.

52.   LUSHA's credits are commercially valuable units of access. The Free plan supplies only a limited number, while LUSHA sells additional credits and paid plans containing larger credit allocations. LUSHA thus uses searches for identified people and attempts to reveal their information to generate demand for additional credits and paid subscriptions.

**C.  LUSHA Creates and Controls the Challenged Search Results and Upgrade Solicitations**

53.   LUSHA acknowledges that it is registered as a data broker in California and publicly states that "LUSHA Systems Inc. is registered as an official data broker at the California Data Broker Registry."

54.   LUSHA collects information from multiple sources and uses its own technology to organize information concerning identified people. According to LUSHA, it uses a proprietary algorithm to organize, scan, and merge data attributes into what it calls a unique, identifiable "Business Contact Card."

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

55.     LUSHA—not a third-party user—designs and controls the search-result interface, the contact panel, the masked telephone and email fields, the "Show details" control, the California restriction, and the resulting paid-plan modal challenged in this action.

56.     The challenged use is therefore LUSHA's own commercial solicitation. LUSHA selects and displays the identified person's name and generates the upgrade message in direct response to the user's effort to obtain information associated with that selected person.

**D.  LUSHA Did Not Obtain the Required Consent**

57.     LUSHA did not obtain Plaintiff's or Class members' prior consent before using their names in the Free-plan sequence that culminated in the person-specific paid-plan solicitation alleged herein.

58.     Plaintiff and Class members did not consent to or authorize the commercial uses alleged herein.

59.     Plaintiff and Class members did not authorize LUSHA to use their names in person-specific Free-plan search results coupled with paid-access or upgrade solicitations.

60.     LUSHA used Plaintiff's and Class members' names as features of its standardized California workflow: displaying the selected person, masking that person's contact details, and soliciting an upgrade when the user attempted to reveal those details.

61.     The public availability of underlying information does not itself supply consent to use a person's name for advertising or solicitation. Plaintiff challenges LUSHA's person-specific paid-access solicitation and its own commercial presentation of Plaintiff's name, not the passive republication of third-party editorial content.

62.     The challenged use was not incidental to a news, public-affairs, or analogous purpose. As alleged, LUSHA used Plaintiff's and Class members' names as part of standardized commercial features designed to promote paid access and generate revenue.

63.     Plaintiff and Class members suffered injury from the unauthorized commercial use of their names in person-specific paid-plan solicitations, including loss of control over whether and on what terms their identities are used for commercial purposes. LUSHA obtained the commercial benefit of those uses without consent or compensation. On information and belief, LUSHA continues

13

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

to maintain Plaintiff's profile and the challenged California workflow, and both are available to users, creating a real and immediate threat of repeated person-specific solicitations unless enjoined.

64.    The challenged conduct is carried out through a standardized California restriction, common interface elements, and the same triggered upgrade message.

**E.  Anti-SLAPP Exemptions**

65.    This action is brought solely in the public interest and on behalf of a class, seeks to enforce an important right affecting the public interest, requests relief for the Class on the same terms as for Plaintiff, and seeks no relief greater than or different from the relief sought for the Class. If successful, this action would confer a significant benefit on a large class of California residents by protecting their control over the commercial use of their identities. On information and belief, no public entity has sought the same relief.  Private enforcement is therefore necessary, and the financial burden of prosecuting this class action is disproportionate to Plaintiff's potential individual recovery. The exemption in California Code of Civil Procedure section 425.17(b) therefore applies.

66.    Independently, LUSHA is primarily engaged in selling contact-data products and subscriptions, and the challenged acts and statements consist of representations of fact concerning LUSHA's business operations, good, and services, including that the selected contact's details are available only on paid plans and the stated benefits of upgrading. Those statements were directed to actual or potential customers and made to promote or secure paid subscriptions and other commercial transactions. The commercial-speech exemption in California Code of Civil Procedure section 425.17(c) therefore also applies. LUSHA's contact database and the challenged solicitations are commercial prospecting tools, not works of expression within section 425.17(d).

**V.    CLASS ACTION ALLEGATIONS**

67.    Plaintiff brings this action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of the following Class:

68.    California Class: All natural persons who resided in California when LUSHA displayed their names in a contact profile for which a Free-plan user's attempt to reveal masked contact details triggered LUSHA's California paid-plan upgrade message, during the two years preceding the filing of this action through the date of class certification.

14

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

69. Plaintiff reserves the right to amend the Class definition or propose subclasses as discovery proceeds.

70. Excluded from the Class are Defendant; its parents, subsidiaries, affiliates, officers, directors, and employees; any person who consented to the challenged use; and the assigned judge and members of the judge's immediate family.

71. Numerosity: The proposed Class is so numerous that joinder of all Class members is impracticable.

72. LUSHA advertises a database exceeding 300 million contacts and, according to counsel's investigation, applies the challenged restriction to California contacts. On information and belief, the challenged sequence was triggered for thousands, if not millions of California contacts during the Class period.

73. Upon information and belief, the exact number and identities of Class members can be determined through objective criteria and common proof, including LUSHA's contact-selection, "Show details," restriction, upgrade-prompt, location, and consent records, to the extent maintained.

74. *Commonality*: Questions of law and fact common to the Class include, without limitation:

    a. Whether LUSHA displayed Class members' names in the contact profiles that triggered the paid-plan solicitation;

    b. Whether LUSHA obtained the requisite consent before doing so;

    c. Whether LUSHA's conduct violated California Civil Code section 3344;

    d. Whether a Free-plan user's attempt to reveal a selected Class member's masked details triggered LUSHA's California paid-plan message;

    e. Whether the selected person's name and masked contact details had a direct connection to LUSHA's paid-plan solicitation;

    f. Whether LUSHA knowingly engaged in the conduct alleged herein;

    g. Whether LUSHA's conduct caused legally cognizable injury to Plaintiff and Class members; and

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

h. Whether Plaintiff and the Class are entitled to statutory or actual damages as provided by section 3344, attributable profits, injunctive relief, attorneys' fees, and costs.

75. These questions are capable of classwide resolution because they turn on LUSHA's standardized California restriction, common interface and trigger, consent records, and common course of conduct.

76. Typicality: Plaintiff's claims are typical because they arise from the same alleged standardized course of conduct as the Class claims and seek relief under the same legal theories.

77. Plaintiff's claims are typical because LUSHA allegedly displayed Plaintiff's name, like each Class member's name, in a selected contact profile and generated the same paid-plan message when a Free-plan user attempted to reveal the masked details.

78. Plaintiff's claims arise from the same alleged practice and legal theories as those of the Class.

79. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel experienced in consumer and privacy class actions.

80. Plaintiff has no interests antagonistic to the Class.

81. Proposed Class Counsel are experienced in complex class actions, privacy litigation, and consumer-protection cases.

82. Plaintiff and counsel are committed to vigorously prosecuting this action and have no interests adverse to the Class.

83. Predominance: Common questions predominate because liability turns principally on LUSHA's standardized California restriction, its common contact-selection and "Show details" sequence, its upgrade message, and its consent practices.

84. Any individual questions are secondary and do not defeat class treatment.

85. Superiority: A class action is superior because the amount at stake for an individual Class member is small relative to the cost of separate litigation, while the challenged standardized conduct allegedly affected many people.

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

86. Because the damages suffered by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for Class members to obtain redress. Most Class members would have no rational economic interest in individually controlling separate actions, and class adjudication is the superior alternative under Rule 23(b)(3)(A).

87. Class treatment will conserve judicial and party resources and avoid inconsistent adjudications. Membership rests on objective events—the selection of a California contact and triggering of the paid-plan message—and can be established through LUSHA's records and other common evidence.

88. Plaintiff reserves the right to seek certification of appropriate issues or subclasses under Rules 23(c)(4) and 23(c)(5) as discovery proceeds.

89. LUSHA has allegedly acted on grounds generally applicable to the Class by applying the same restriction and paid-plan message to California contacts. Plaintiff seeks classwide injunctive relief under California Civil Code section 3344(a)(2) and Rule 23(b)(2), subject to proof that Plaintiff faces a real and immediate threat of recurrence.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Violation of California Civil Code § 3344

(On Behalf of Plaintiff and the California Class Against Defendant)

90. Plaintiff, individually and on behalf of the California Class, repeats and realleges the preceding paragraphs as though fully set forth herein.

91. California Civil Code § 3344(a) prohibits the knowing use of another's name, on or in products, or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods, or services, without prior consent.

92. LUSHA knowingly used Plaintiff's and Class members' names in connection with its commercial platform for the purpose of advertising, promoting, marketing, and soliciting purchases of LUSHA subscriptions and contact-data products.

17

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

93. LUSHA's use was intentional, commercial, and designed to generate subscription revenue. LUSHA programmed and controlled the California restriction, masked fields, and person-specific upgrade message as part of its paid-plan sales process.

94. LUSHA's use of Plaintiff's and California Class members' names and identities was directly connected to LUSHA's commercial offering and sale of subscriptions and commercial products.

95. LUSHA did not obtain prior consent from Plaintiff or Class members to use their names in this way. Plaintiff and Class members did not consent to LUSHA's use of their names as features of person-specific subscription solicitations, regardless of whether LUSHA obtained the underlying data from public records or licensed sources or provided a unilateral privacy notice or opt-out process.

96. LUSHA's conduct was not incidental or de minimis. It was part of LUSHA's core sales funnel and was used to induce prospective customers to purchase paid access.

97. As a direct and proximate result of LUSHA's alleged conduct, Plaintiff and California Class members suffered injury, including loss of control over the commercial use of their identities, loss of the economic value of that use, and unauthorized commercial exploitation of their names.

98. Under California Civil Code § 3344(a)(1), Plaintiff and California Class members seek the greater of $750 or actual damages suffered by each person, together with profits attributable to the unauthorized use that are not taken into account in computing actual damages, punitive damages where proven, and prevailing-party attorneys' fees and costs. Plaintiff also seeks injunctive relief under 3344(a)(2).

### SECOND CAUSE OF ACTION

### California Common-Law Right of Publicity

(On Behalf of Plaintiff and the California Class Against Defendant)

99. Plaintiff, individually and on behalf of the California Class, repeats and realleges the preceding paragraphs as though fully set forth herein.

100. LUSHA used Plaintiff's and California Class members' identities in the person-specific paid-plan solicitations alleged above.

18

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

101. LUSHA appropriated those identities to its commercial advantage by using them to promote paid subscriptions and access to contact data.

102. LUSHA did so without Plaintiff's or California Class members' consent.

103. The alleged appropriation caused resulting injury, including loss of control over the commercial use of Plaintiff's and California Class members' identities and loss of the economic value associated with that use.

104. LUSHA's conduct was knowing and intentional and was undertaken for commercial advantage. Plaintiff seeks punitive damages only upon proof satisfying all requirements of California law.

105. Plaintiff and the California Class seek actual damages, profits attributable to the challenged use that are not duplicative of any recovery under section 3344, injunctive relief, and other relief permitted by law.

### THIRD CAUSE OF ACTION

### Violation of California Business and Professions Code § 17200 et seq.

(On Behalf of Plaintiff and the California Class Against Defendant)

106. Plaintiff, individually and on behalf of the California Class, repeats and realleges the preceding paragraphs as though fully set forth herein.

107. Defendant engaged in unlawful and unfair business acts or practices by using Plaintiff's and Class members' names without consent in the standardized Free-plan sequence that triggered person-specific paid-plan solicitations.

108. The conduct is unlawful because it violates California Civil Code section 3344, as alleged above.

109. Defendant displayed the selected person's name and masked details and instructed the user to purchase a paid plan to access "this information," without obtaining the selected person's prior consent.

**Unfair Prong**

110. The challenged conduct is independently unfair.

19

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

111.    Defendant deliberately use identified persons' names and California-based access restrictions to create paid-plan upgrade opportunities without obtaining prior consent or providing compensation for the challenged commercial use.

112.    The conduct is tethered to and contravenes the policy embodied in California Civil Code section 3344; is immoral, unethical, oppressive, or substantially injurious; and causes harm that is not outweighed by countervailing benefits and that the identified persons could not reasonably avoid.

**Standing**

113.    Plaintiff suffered injury in fact and lost money or property because Defendant allegedly appropriated and commercially exploited a use of Plaintiff's identity in which Plaintiff held an economically valuable, legally protected property interest, thereby depriving Plaintiff of the opportunity to control and license that use.

114.    Defendant acquired a commercial benefit from the person-specific use of Plaintiff's name. Plaintiff seeks restitution only to the extent that benefit constitutes identifiable money or property formerly in Plaintiff's possession or in which Plaintiff had a vested ownership interest.

**Restitution and Injunctive Relief**

115.    As a result of the alleged unlawful and unfair practices, Defendant obtained commercial benefits through the unauthorized, person-specific use of Plaintiff's and Class members' names to generate paid-plan upgrade opportunities.

116.    Plaintiff seeks prospective injunctive relief to prevent repeated person-specific advertising uses of Plaintiff's and Class members' names because damages cannot stop LUSHA from continuing or repeating the challenged workflow. Only to the extent Plaintiff lacks an adequate remedy at law, Plaintiff also seeks restitution of identifiable money or property in which Plaintiff and Class members had a vested ownership interest and that Defendant acquired through the challenged conduct. Plaintiff does not seek damages or nonrestitutionary disgorgement under the UCL.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

20

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment against Defendant and award the following relief:

1. Certifying this action under Rule 23, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

2. Entering judgment in favor of Plaintiff and the Class on all claims;

3. Awarding actual and statutory damages as provided by California Civil Code section 3344, profits attributable to the challenged use, restitution where available, and other monetary relief authorized by law, without duplicative recovery;

4. Awarding punitive and exemplary damages upon proof satisfying all requirements of California law;

5. Awarding pre-judgment and post-judgment interest as allowed by law;

6. Awarding reasonable attorneys' fees, costs, and litigation expenses only where authorized by applicable law or rule;

7. Entering appropriate preliminary and permanent injunctive relief under California Civil Code section 3344(a)(2) and Rule 23(b)(2), upon proof of standing and the requirements for equitable relief;

8. Entering appropriate declaratory relief; and

9. Granting such other and further relief as the Court deems just and proper.

Dated:  July 30, 2026

Respectfully submitted,

**WILSHIRE LAW FIRM, PLC**

*/s/ Thiago M. Coelho*
Thiago M. Coelho
Lauren M. Lendzion
Jennifer M. Leinbach
Jesse S. Chen
Brian Ellsworth

*Attorneys for Plaintiff and the Proposed Class*

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

21

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all others similarly situated, demands a jury trial for all claims so triable.

Dated:  July 30, 2026                                Respectfully submitted,

**WILSHIRE LAW FIRM, PLC**

*/s/ Thiago M. Coelho*
Thiago M. Coelho
Lauren M. Lendzion
Jennifer M. Leinbach
Jesse S. Chen
Brian Ellsworth

*Attorneys for Plaintiff and the Proposed Class*

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

22
CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED